UNITED STATES DISTRICT COURT
FOR THE EASTREN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| **TRINA PETTY,** : | |
| : | |
| **Plaintiff,** : | **CIVIL ACTION** |
| : | |
| vs. : | |
| : | **No.: 23-cv-** |
| **FIRST UNUM LIFE INSURANCE** : | |
| **COMPANY, d/b/a UNUM** : | |
| : | |
| **Defendant.** : | |

_____

The Plaintiff, Trina Petty ("Ms. Petty"), by and through the undersigned counsel, hereby sues the Defendant, First Unum Life Insurance Company ("UNUM") and alleges:

### PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.  This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant.  Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. Ms. Petty was at all times relevant a plan participant under the UNUM Long-Term Disability Group Policy Number 949544 001 (the "Plan").

3. Upon information and belief, defendant, First Unum Life Insurance Company is a subsidiary of Unum Life Insurance Company of America, which is a corporation with its principal place of business in the State of Maine. Upon information and belief, UNUM's principal mailing address for the purposes of effectuating service of process is 2211 Congress Street, Portland, ME 04122.

4. Upon information and belief, UNUM is the insurer of benefits under the Plan and acted in the capacity of a claims administrator. As the decision maker and payor of benefits, UNUM both funded and administered the claim with a conflict of interest and the bias this created affected the claims determination.

5. The Plan is an employee welfare benefit plan regulated by ERISA, established for employees of Saks, Inc., and its affiliates, under which Ms. Petty was a participant, and pursuant to which Ms. Petty is entitled to long-term disability benefits. Pursuant to the terms and conditions of the Plan, Ms. Petty is entitled to disability benefits for the duration of the Plaintiff's disability, for so long as Ms. Petty remains disabled as required under the terms and conditions of the Plan.

6. Venue is proper in this district under 29 USC 1132€(2), in that UNUM is licensed to transact business within the Commonwealth of Pennsylvania. Moreover, Ms. Petty presently resides in the Eastern District of Pennsylvania.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

7. Ms. Petty incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, Ms. Petty was an employee or former employee of Saks, Incorporated, and is a plan participant under the terms and conditions of the Plan

9. During the course of Ms. Petty's employment with Saks, Inc., Ms. Petty became entitled to benefits under the terms and conditions of the Plan. Specifically, while Ms. Petty was covered under the Plan she suffered a physical disability as a result of Sickness, the nature of which, due to privacy, is detailed within the administrative record, rendering her disabled as defined under the terms of the Plan.

10. As it relates to Ms. Petty's current claim for benefits, the long-term disability coverage portion of the Plan defines disability as followed:

> "*You are disabled when Unum determines that:*
>
> *… After 24 months of payment, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.*

11. Due to restrictions and limitations arising from a physical "sickness", resulting in "disability" from her occupation as a Beauty Specialist, Ms. Petty initially made a claim to UNUM for benefits under the LTD and WOP Plan with a disability onset date on or about November 4, 2010.

3

12. Ms. Petty's claim for LTD benefits was thereafter approved by UNUM.

13. Thereafter, via letter dated December 21, 2020, UNUM initially notified Ms. Petty that it was terminating her claim for long-term disability benefits.

14. Ms. Petty, acting through counsel, timely submitted her mandatory appeal of UNUM's adverse benefit determination.

15. Via letter dated July 24, 2023, UNUM issued a final determination informing Ms. Petty that her LTD claim was denied and that she had exhausted her administrative remedies.

16. At all material times hereto and as set forth above, Ms. Petty has continued to provide defendant with medical and other documentation supporting and confirming her ongoing disability status, as per the terms of the aforementioned policy

17. In reaching its decision to deny Ms. Petty's claim, the defendant's review was biased and selective; and ignored the severity of Ms. Petty's ongoing limitations and restrictions.

18. Upon information and belief, the defendant violated its contractual obligations to its insured in denying a valid and fully supported claim for benefits.

19. As set forth hereinabove, the defendant improperly, unjustifiably terminated Ms. Petty her disability benefits under the Plan without reasonable basis and based upon faulty, flawed, insufficient and defective information.

20. As a consequence of defendant's pattern and practice of deliberate repudiation of its policy obligations, Ms. Petty has been deprived of her

contractual rights to receive total disability benefits payable under the aforementioned Plan.

21. As a further consequence of its violation of ERISA and breach of its contractual and legal obligations, defendant has been unjustly enriched to the substantial detriment of its insured, Ms. Petty.

22. As a further consequence of defendant's violation of ERISA and breach of its contractual and legal obligations, Ms. Petty has incurred and will continue to incur a loss of income, including counsel fees, litigation costs and expenses, loss of use of benefits payable and associated interest payments.

23. At all relevant times herein, Ms. Petty has continued to make claim for monthly disability benefits under her disability policy, and she is still owed disability benefits for the period of time following the elimination period commencing after Ms. Petty's disability date to the present.

## **REQUEST FOR RELIEF**

WHEREFORE, TRINA Petty prays for relief against FIRST UNUM LIFE INSURANCE COMPANY as follows:

1. Payment of long-term disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which she is entitled by virtue of her disability;

3. In the alternative to the relief sought in paragraphs 1-2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4.     Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.     Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6.     Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

ROSEN MOSS SNYDER LLP

___/s/ Marc H. Snyder_____
Marc H. Snyder, Esquire
Attorneys for Plaintiff,
Trina Petty